UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

ROBERT REDDING,

    Defendant.
_____/

Case No. 04-80057
Hon. Gerald E. Rosen

**OPINION AND ORDER REGARDING
DEFENDANT'S VARIOUS PENDING MOTIONS**

At a session of said Court, held in
the U.S. Courthouse, Detroit, Michigan
on     May 25, 2011

PRESENT: Honorable Gerald E. Rosen
                    Chief Judge, United States District Court

On December 14, 2004, Defendant Robert Redding was sentenced to 18 years of imprisonment, following his guilty plea to charges of (i) conspiracy to possess with intent to distribute cocaine and crack cocaine, and (ii) distribution of cocaine and crack cocaine. Defendant did not appeal his conviction or sentence. Since his sentencing, Defendant has filed motions seeking (i) to remove as counsel of record the attorney who represented him at his plea and sentencing hearings, so that Defendant may represent himself in any further proceedings, (ii) to compel his counsel to provide him with a complete copy of his file, and (iii) the production of various court records from these proceedings, including the transcripts of his plea and sentencing hearings. In addition, as the one-year period of

limitation for bringing a motion under 28 U.S.C. § 2255 was set to expire, Defendant filed a motion requesting that one of the above-cited motions — namely, the motion seeking to compel his counsel to produce a copy of his file — be construed as a motion seeking relief under § 2255.  At the Court's request, the Government has filed a response addressing each of Defendant's pending motions.[1]

Turning first to the last of these motions, the Court agrees with the Government that there is simply no basis for treating any of Defendant's submissions as a request for relief under § 2255.  In the prior motion cited by Defendant as purportedly eligible for this treatment, Defendant states that he "has learned of potential government misconduct and possible ineffective assistance of counsel," and that he "is in the process of preparing a motion under 28 U.S.C. § 2255."  (Defendant's Motion to Compel at ¶ 1.)  Defendant further asserts that he needs access to the file maintained by his trial counsel in order to "properly prepare and support his [§ 2255] claims," (*id.* at ¶ 4), and he asks the Court to compel the production of this file.  Beyond these allusions to "possible" or "potential" claims, however, Defendant provides no hint as to the grounds for any grant of relief under § 2255, nor does he identify any facts or allegations that might support any such award of relief.  Likewise, in his more recent motion requesting that his earlier motion be

---

[1] Apart from these four motions, Defendant filed a motion for resentencing pursuant to 18 U.S.C. § 3582(c), appealing to the recent amendments to the United States Sentencing Guidelines pertaining to crack cocaine.  Counsel was appointed to represent Defendant in support of this effort, and this motion was heard on June 18, 2009.  Following this hearing, the Court entered a June 22, 2009 order denying Defendant's motion, and Defendant has not appealed this ruling.

construed as brought under § 2255, Defendant again alludes to unspecified claims of "government misconduct and ineffective assistance of counsel" that he wishes to pursue, but he makes no effort to identify the grounds for any such claims, instead promising to "clarify his issues" at a later date. (Defendant's Motion to Construe at 1.)

Defendant's mere promises of forthcoming claims or arguments do not qualify as viable requests for relief under 28 U.S.C. § 2255. As the courts have observed, the rules governing § 2255 proceedings require that a motion brought under this statute must "specify all the grounds for relief which are available to the movant and of which he has or, by the exercise of reasonable diligence, should have knowledge," and also must "set forth in summary form the facts supporting each of the grounds thus specified." *Green v. United States,* 260 F.3d 78, 83 (2d Cir. 2001) (quoting Rule 2(b), Rules Governing Section 2255 Proceedings); *see also United States v. Killian,* No. 05-80722, 2009 WL 2923101, at *1 (E.D. Mich. Sept. 10, 2009) (holding that a defendant's bare reference to ineffective assistance of counsel, without any further explanation or supporting facts, did not satisfy the standards of Rule 2(b)). Although the submissions of a *pro se* litigant "are entitled to a liberal construction," a motion cannot be construed as brought under § 2255 if it fails to "articulate[] any basis in fact or in law for relief under" the statute. *Green,* 260 F.3d at 83-84; *see also Rivera v. United States,* 719 F. Supp.2d 230, 236 (D. Conn. 2010) (declining to construe a motion for an extension of time as brought under § 2255, where this motion "did not even hint at" any grounds for relief under the statute). So it is here, where Defendant's motions have done no more than suggest the possibility that he

might yet identify claims falling within the broad categories of "government misconduct" and "ineffective assistance of counsel." No liberal construction of these vague allegations can possibly supply the requisite grounds for relief and supporting facts that must be included in a viable § 2255 motion.

Nor do Defendant's pending requests for additional information warrant an indefinite, open-ended extension of the usual one-year period for bringing a motion under § 2255, such that Defendant should remain free to file such a motion whenever he concludes that he has marshaled sufficient records and materials to mount a challenge to his conviction or sentence. While § 2255's one-year period of limitation is subject to equitable tolling, this doctrine is to be "applied sparingly," and only in instances where, among other factors, a petitioner has exercised "diligence in pursuing [his] rights" and has acted "reasonabl[y] in remaining ignorant of the legal requirements for filing his claim." *Dunlap v. United States,* 250 F.3d 1001, 1008 (6th Cir. 2001); *see also Robertson v. Simpson,* 624 F.3d 781, 784 (6th Cir. 2010) (holding that equitable tolling is available only where a habeas petitioner shows that "(1) he has pursued his rights diligently; and (2) some extraordinary circumstance prevented timely filing"). Any such showing of diligence here necessarily must rest upon the actions taken by Defendant prior to the expiration of the one-year deadline for bringing a § 2255 motion. So far as the record reveals, these actions consist of (i) Defendant's motion to compel his counsel to provide a copy of his file, and (ii) Defendant's motion for production of certain materials from the court record.

Neither of these motions is indicative of Defendant's diligence in pursuing his rights within § 2255's one-year limit. First, with regard to Defendant's request for a copy of the file maintained by his trial counsel, Defendant states only that he "has requested" these materials directly from counsel, (Defendant's Motion to Compel at ¶ 2), but he gives no indication that counsel failed to respond for an extended period or expressed an unwillingness to comply, nor that he took any action to follow up on his request. The Court ordinarily does not intervene in the relationship between a party and his counsel, and would act only in the face of an attorney's refusal, persistent disregard, or undue delay in responding to a client's reasonable request for materials or other assistance. The record here provides no basis for any such intervention, as it is silent as to any efforts Defendant has made to secure his attorney's cooperation. Certainly, the record fails to suggest that Defendant's trial counsel has engaged in any sort of misconduct or obstructive behavior, as the courts generally have deemed necessary to trigger equitable tolling of § 2255's one-year period of limitation. *See, e.g., Robertson,* 624 F.3d at 784; *United States v. Martin,* 408 F.3d 1089, 1093-95 (8th Cir. 2005); *cf. Rivera,* 719 F. Supp.2d at 234-35 (finding that the defendant's "difficulty in obtaining documents from his attorney" did not justify equitable tolling).

Likewise, Defendant's request for production of court records does not evidence his diligence in preparing a timely § 2255 motion. As with Defendant's effort to obtain a copy of his counsel's file, the materials posted on the court docket are available without the need to file a motion or otherwise seek the Court's intervention. Moreover, even

assuming that Defendant required the assistance of the Court to gain access to these materials, a motion filed at the very end of the one-year limitation period cannot be viewed as calculated to ensure the timely preparation and submission of a § 2255 motion before the expiration of this period.

In any event, while Defendant might have wished to review the court record in an effort to identify additional support for any claims he planned to assert in a forthcoming § 2255 motion, he fails to suggest why such review was a prerequisite to his ability to even discern the existence of such claims in the first instance. To the contrary, because Defendant was present at each of the key proceedings in this case, including his plea and sentencing hearings, he presumably did not need to review the court record in order to identify, with at least a modest degree of specificity, any possible grounds for seeking § 2255 relief. Indeed, Defendant himself stated in his earlier motion to compel — a motion filed more than six months before § 2255's one-year deadline — that he had already "learned of potential government misconduct and possible ineffective assistance of counsel." (Defendant's Motion to Compel at ¶ 2.) This surely evidences his awareness of possible § 2255 claims and the need to take all necessary steps to enable him to timely assert these claims within the one-year period for doing so. Yet, he did not take these steps, but instead was content to file a pair of terse, *pro forma* motions seeking access to materials that should have been available to him without the Court's intervention. Under this record, even if Defendant had appealed to equitable tolling, he has not shown that he acted with the requisite diligence to justify the application of this doctrine.

Finally, even if the Court were inclined to search on Defendant's behalf for grounds that might arguably support a § 2255 motion, the record fails to disclose any evident basis for bringing such a motion. As noted in the Government's response to Defendant's motions, Defendant pled guilty under a plea agreement in which he waived his right to appeal. Moreover, while Defendant faced a mandatory life sentence in light of his criminal history and the quantities of drugs involved in his offenses, the Government moved for a downward departure due to his substantial assistance, and the Court ultimately sentenced Defendant to 18 years of imprisonment. Given this result, and given Defendant's waiver of his right to appeal, it is highly doubtful, to say the least, that Defendant could have asserted a viable claim of ineffective assistance of counsel, or that he could have identified any other basis for relief under § 2255. For all of these reasons, then, the Court denies Defendant's motion requesting that his submissions be construed as seeking relief under 28 U.S.C. § 2255.

Defendant's remaining motions warrant little further discussion. First, to the extent that Defendant requests that his trial counsel be removed as the attorney of record, so that he rather than his trial counsel will receive copies of any future filings in this case, the Court agrees that this relief is appropriate. Next, to the extent that Defendant has not yet been able to obtain a complete copy of his file from his trial counsel, the Court hereby instructs Defendant's trial attorney to promptly forward the requested materials to Defendant. Finally, Defendant's request for copies of various documents from the court record is denied without prejudice, but may be renewed upon a showing that Defendant

has been unsuccessful in his efforts to obtain these materials through the proper procedures and channels.[2]

For these reasons,

NOW, THEREFORE, IT IS HEREBY ORDERED that Defendant's motion to construe motion to compel as brought under 28 U.S.C. § 2255 (docket #36) is DENIED. Next, IT IS FURTHER ORDERED that Defendant's motion to compel (docket #35) is GRANTED. In accordance with this ruling, to the extent that Defendant has not yet been provided with a copy of all materials in the case file compiled by his trial counsel, any such remaining materials shall be forwarded to Defendant within *thirty (30) days* of the date of this opinion and order.

---

[2]To the extent that Defendant has not yet obtained the desired materials, he should contact the Clerk's Office for this District to determine the proper procedures to be followed.

Next, IT IS FURTHER ORDERED that Defendant's motion to change counsel of record (docket #34) is GRANTED.  Defendant's trial counsel is hereby removed as Defendant's attorney of record, and copies of any future filings in this case shall be sent directly to Defendant himself.  Finally, IT IS FURTHER ORDERED that Defendant's motion for production of court records (docket #37) is DENIED, but without prejudice to Defendant's opportunity to renew this motion upon a showing that he has been unable to obtain the desired materials despite following the proper procedures for doing so.

SO ORDERED.


s/Gerald E. Rosen
Chief Judge, United States District Court

Dated:  May 25, 2011

I hereby certify that a copy of the foregoing document was served upon counsel of record on May 25, 2011, by electronic mail and upon Robert Redding, #32044-039, Ashland FCI, Federal Correctional Institution, P.O. Box 6001, Ashland, KY 41105 by ordinary mail.

s/Ruth A. Gunther
Case Manager