UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,                                    Case No. 04-80057
                                                  Hon. Gerald E. Rosen

v.

ROBERT REDDING,

    Defendant.

_____/

**ORDER DENYING DEFENDANT'S
MOTION FOR RECONSIDERATION**

At a session of said Court, held in
the U.S. Courthouse, Detroit, Michigan
on         July 16, 2013        

PRESENT: Honorable Gerald E. Rosen
                        Chief Judge, United States District Court

On December 14, 2004, Defendant Robert Redding was sentenced to 18 years of imprisonment, following his guilty plea to charges of (i) conspiracy to possess with intent to distribute cocaine and crack cocaine, and (ii) distribution of cocaine and crack cocaine. Defendant did not appeal his conviction or sentence. He did, however, file an April 10, 2009 motion under 18 U.S.C. § 3582(c)(2) for a reduction in his sentence, based on the then-recent amendments to the U.S. Sentencing Guidelines that reduced the base offense level for most crack cocaine offenses. Following a June 18, 2009 hearing, the Court issued a June 22, 2009 order denying this motion, holding that Defendant was not eligible

for sentencing relief under § 3582(c)(2).[1]

Through the present motion filed on March 16, 2012, Defendant states that he seeks "reconsideration" of the Court's denial of his 2009 motion. Notwithstanding this label, however, it is clear that Defendant actually is asserting a new claim for sentencing relief under § 3582(c)(2), based on the most recent round of amendments to the U.S. Sentencing Guidelines in the wake of the Fair Sentencing Action of 2010 ("FSA"), Pub. L. No. 111-220, 124 Stat. 2372.[2] These recent amendments, like those giving rise to Defendant's earlier claim for sentencing relief, serve to further reduce the base offense level for most crack cocaine offenses by increasing the threshold quantities of crack cocaine necessary to trigger higher offense levels under the Guidelines.

Yet, the same infirmity that defeated Defendant's 2009 request for relief under § 3582(c)(2) also dictates the denial of his present motion. In particular, Defendant's 18-year sentence was not based on the Sentencing Guidelines provisions governing crack cocaine offenses, but instead was a product of the Court's decision to depart below the

---

[1]Roughly two and a half years later, on January 26, 2012, Defendant filed a notice of appeal in which he sought to challenge the Court's June 22, 2009 order. The Sixth Circuit has since granted Defendant's request to dismiss this appeal, with Defendant evidently having elected to instead pursue the relief sought in his present motion.

[2]If Defendant were truly seeking reconsideration of the Court's June 22, 2009 ruling, the Court would be compelled to deny Defendant's motion as extremely untimely. *See* Local Rule 7.1(h)(1), Eastern District of Michigan (mandating that a "motion for rehearing or reconsideration must be filed within 14 days after entry of the judgment or order" being challenged); *see also* Local Criminal Rule 12.1(a), Eastern District of Michigan (dictating that "[m]otions in criminal cases shall be filed in accordance with the procedures set forth in [Local Civil Rule] 7.1").

applicable statutory minimum sentence — in this case, life imprisonment[3] — in light of the Government's motion for a downward departure based on Defendant's substantial assistance. Under comparable circumstances, the Sixth Circuit has held that a defendant who is sentenced by reference to a statutory minimum, rather than the Sentencing Guidelines governing crack cocaine offenses, cannot appeal to the retroactive amendments to the crack cocaine guidelines as a basis for relief under § 3582(c)(2) — even if, as here, the defendant is sentenced below the statutory minimum due to a Government motion for a downward departure. *See United States v. McPherson,* 629 F.3d 609, 611-12 (6th Cir. 2011) (holding that the defendant was not eligible for a sentence reduction under § 3582(c)(2) because his "sentence was not based on a guidelines range that was subsequently reduced," but instead was "based on [a] 240-month minimum sentence mandated by statute"); *United States v. Johnson,* 564 F.3d 419, 422-24 (6th Cir. 2009) (finding that a defendant who was subject to a mandatory minimum 240-month sentence under 21 U.S.C. § 841(b)(1)(A) but was granted a downward departure to 108 months' imprisonment was not entitled to sentencing relief under § 3582(c)(2) "because he was not in fact sentenced based on a Guidelines range that was subsequently reduced").[4]

---

[3]Specifically, given Defendant's guilty plea to a drug conspiracy involving over five kilograms of cocaine, and given his two prior convictions for felony drug offenses, Defendant faced a mandatory statutory sentence of life imprisonment. *See* 21 U.S.C. § 841(b)(1)(A).

[4]In *United States v. Hameed,* 614 F.3d 259, 260-61 (6th Cir. 2010), the Sixth Circuit again addressed a case in which the defendant faced a mandatory statutory minimum sentence, but was sentenced below this statutory minimum as a result of a Government motion for a

To be sure, both *McPherson* and *Johnson* addressed an earlier 2007 amendment to the Sentencing Guideline provisions governing crack cocaine offenses, whereas Defendant's present motion rests upon more recent amendments to these provisions that took effect in November of 2011. Nonetheless, the Sixth Circuit has confirmed that its prior rulings in *McPherson* and *Johnson* continue to apply to motions for sentence reductions that are based on the more recent revisions to the crack cocaine guidelines. *See, e.g., United States v. Moody,* No. 12-3924, 2013 WL 2096933, at *2 (6th Cir. May 15, 2013); *United States v. Williams,* No. 12-3353, 2013 WL 331579, at *3 (6th Cir. Jan.

---

downward departure due to the defendant's substantial assistance. Although the court again concluded, as in *Johnson* and *McPherson,* that the defendant was not entitled to sentencing relief under § 3582(c)(2), it arrived at this conclusion through a somewhat different route. In particular, because the district court looked to the crack cocaine guidelines in determining the extent to which it should depart downward from the statutory minimum, the court concluded that the defendant's resulting sentence was "based on" the crack cocaine guidelines, thereby establishing the first prong of the standard for a § 3582(c)(2) sentence reduction. *See Hameed,* 614 F.3d at 262-67. Nonetheless, the court found that the defendant could not satisfy the second element of this standard — *i.e.,* that a sentence reduction must be "consistent with applicable policy statements issued by the Sentencing Commission," 18 U.S.C. § 3582(c)(2) — because the pertinent amendment to the crack cocaine guidelines did not operate to lower a guideline range "that was 'applicable' to [the] departure for substantial assistance" that the district court granted in that case. *Hameed,* 614 F.3d at 268-69.

The particular circumstances addressed by the court in *Hameed* are not present here. In this case, although defense counsel argued at sentencing that the Court should determine the extent of the downward departure from the mandatory statutory sentence of life imprisonment by reference to the sentencing range of 188 to 210 months that would have applied in the absence of this statutory dictate, (*see* 12/14/2004 Sentencing Hearing Tr. at 6-7), the Court instead imposed a 216-month term of imprisonment in accordance with the recommendation of the Government. Unlike in *Hameed,* then, the record here provides no basis for concluding that the Court relied on the crack cocaine guidelines in determining how far to depart downward from the statutory sentence of life imprisonment. It follows that Defendant's request for a sentence reduction fails at the first prong of the standard for sentencing relief under § 3582(c)(2), so that the Court need not address the second element of this standard.

30, 2013); *United States v. Stanley,* No. 11-4423, 500 F. App'x 407, 409-10 (6th Cir. Sept. 13, 2012). Consequently, just as with Defendant's earlier motion filed in 2009, his current motion must be denied because his sentence was based on a mandatory statutory minimum of life imprisonment, and not on a Sentencing Guidelines range that has been lowered as a result of the most recent amendments to the crack cocaine guidelines.

This leaves only Defendant's contention that he should be entitled to the benefit of the reduced *statutory* minimum sentences that apply to crack cocaine offenses in the wake of the FSA. This argument fails on two grounds. First, the Sixth Circuit has held that the FSA's reduced statutory minimums do not provide a basis for sentencing relief under § 3582(c)(2) because these statutory amendments do not qualify as a "sentencing range that has subsequently been lowered by the Sentencing Commission." *United States v. Hammond,* 712 F.3d 333, 335 (6th Cir. 2013) (quoting 18 U.S.C. § 3582(c)(2)); *see also United States v. Downs,* No. 12-5163, 2012 WL 5395176, at *1 (6th Cir. Nov. 5, 2012); *Stanley,* 500 F. App'x at 410-11. Next, even if the FSA were applied retroactively to this case, Defendant would face precisely the same statutory sentence of life imprisonment, in light of his plea of guilty to a drug conspiracy offense involving five kilograms or more of *powder* cocaine. *See* 21 U.S.C. § 841(b)(1)(A)(ii). Although the FSA increased the threshold amounts of *crack* cocaine needed to trigger each of the escalating statutory minimums, it left unchanged the quantities of *powder* cocaine that subject a defendant to these increasing statutory penalties.

For these reasons,

5

NOW, THEREFORE, IT IS HEREBY ORDERED that Defendant's March 16, 2012 motion for reconsideration (docket #61) — which the Court construes as asserting a new claim for relief under 18 U.S.C. § 3582(c)(2) arising from the most recent amendments to the U.S. Sentencing Guideline provisions governing crack cocaine offenses — is DENIED.

s/Gerald E. Rosen
Chief Judge, United States District Court

Dated: July 16, 2013

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on July 16, 2013, by electronic and/or ordinary mail.

s/Julie Owens
Case Manager, (313) 234-5135
